Opinion by EKWALL, J. At the trial Government counsel consented to the submission of the plaintiffs' evidence in the form of an affidavit of the owner of the automobile, which was admitted in evidence as exhibit 1. It appears therefrom that the owner of the Plymouth sedan, together with the other five plaintiffs herein, started on a vacation trip, the expenses of the trip to be shared equally among the six plaintiffs; that the owner of the automobile received no compensation for transporting the other plaintiffs; that the owner of the automobile used it in Winnipeg, Canada, for taxi purposes but before leaving the city upon the vacation trip, he obtained a temporary suspension of his taxi license for a period of 2 weeks; and that from the time the owner left the city until his return thereto, he did not conduct his usual commercial business of taxi operator either in the United States or in Canada. Section 308, Tariff Act of 1930, and article 477, Customs Regulations of 1937, provide for free entry of automobiles entering the United States temporarily for touring purposes. It was held that the evidence stands uncontradicted that the automobile was brought into the United States by the owner thereof, a nonresident, whose purpose was to use the vehicle for touring only, and that the owner's identity and good faith in the use of the automobile while in the United States had been clearly established. The collector was directed to reliquidate the entry and make refund of all of the duties taken.

**No. 50428.**—Protests 42050–K/89610, etc., of Marshall Field & Co. (Chicago).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83, decided February 5, 1945.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries. The protests were sustained to this extent.

**No. 50429.**—Protests 57164–K, etc., of Louis Meyers & Son, Inc. (New York).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83, decided February 5, 1945.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries. The protests were sustained to this extent.

**No. 50430.**—Protest 63144–K of Banetta, Ltd. (New York).